UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD SIMONS,<br><br>                    Plaintiff,<br><br>  v.<br><br>CHRIS PERRY, et al.,<br><br>                    Defendants. | Case No. 3:13-cv-00201-MMD-VPC<br><br>SCREENING ORDER |

      The Court severed the claims of plaintiff Richard Simons from the claims of plaintiff Ralph Countryman in 3:13-cv-00013-MMD-VPC. Before the court in this action are plaintiff Simons' application to proceed *in forma pauperis* (dkt. no. 2) and his civil rights complaint pursuant to 42 U.S.C. § 1983 (dkt. no. 3). The Court has reviewed the complaint, and the Court will dismiss this action.

      When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that he is a sex offender who is in prison after his parole was revoked. In count 1, plaintiff claims that defendants Perry, Wood, and Cole, who are supervisors at the state's parole and probation division, encourage their subordinates to require sex-offender parolees to pay for sex-offender treatment. On the other hand, parolees who are not sex offenders but who are required to obtain treatment need not pay for that treatment. Plaintiff further alleges that these defendants encourage their subordinates to revoke sex-offenders' paroles for the slightest infractions of the conditions of parole, while excusing infractions of parolees who are not sex offenders. Plaintiff alleges that in his case his parole was revoked on April 3, 2012, because of the policies of defendants Perry, Wood, and Cole.[1] In count 2, plaintiff alleges that defendant Pierrott, who is a parole and probation officer, followed those policies and also used a false report of an informant to obtain a warrant for plaintiff's arrest. That, in turn, led to plaintiff returning to prison.

---

[1] Also in count 1 are allegations that these policies could affect Ralph Countryman. The Court disregards these allegations because the claims of the plaintiffs have been severed.

2

Plaintiff seeks declaratory, injunctive, and monetary relief. Success on the merits of plaintiff's claims would necessarily imply that the revocation of his parole and his current imprisonment are invalid. Plaintiff first must have that revocation and imprisonment declared invalid through proceedings in state court or through a petition for a writ of habeas corpus in federal court before he can pursue a civil rights action pursuant to 42 U.S.C. § 1983 in this court. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has failed to state a claim upon which relief can be granted. Furthermore, any appeal from this decision would not be taken in good faith.

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (dkt. no. 2) is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even though this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #88012), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the finance division of the Clerk's office. The Clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that this action is DISMISSED for failure to state a claim upon which relief can be granted. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that an appeal from the dismissal of this action would not be taken in good faith.

DATED THIS 26th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3